UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 10-CV-01790-RAL-TBM

DANIELLE NICOLE CITRON, an individual
and MICHAEL B. CITRON, an individual

    Plaintiffs,

-vs-

WACHOVIA MORTGAGE CORPORATION,
successor in interest to WORLD SAVINGS
BANK, FSB,

    Defendant.
_____/

## VERIFIED AMENDED COMPLAINT FOR RESCISSION OF MORTGAGE AND DAMAGES

The Plaintiffs, DANIELLE NICOLE CITRON and MICHAEL B. CITRON (hereinafter referred to collectively as "CITRON") by and through undersigned counsel, hereby sue the Defendant, WACHOVIA MORTGAGE CORPORATION, successor in interest to WORLD SAVINGS BANK, FSB (hereinafter referred to as "WACHOVIA"), and states as follows:

## PRELIMINARY STATEMENT

1.     CITRON seeks both legal and equitable relief arising out of residential mortgage financing on CITRON'S residential property located in Pasco County, Florida (the "Property") including violations of the *Truth in Lending Act* (15 U.S.C.A. §1601 to 1666), misrepresentation, and deceptive and unfair trade practices.

1

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 15 U.S.C.A. §1640(e) and 28 U.S.C.A. §§ 1331, 1337, 1367.

3. Venue is proper under 28 U.S.C. §1391(b)(2); and 28 U.S.C. §1391(c), as Plaintiffs' property and the property secured by the Note and Mortgage at issue is located at 10545 Baracoa Court, Trinity, Florida 34652 (the "Property"), which is within this District. Further, Defendant conducted business within this District, and the acts and transactions that constitute the violations of law, including the Defendant's fraudulent bait and switch conduct and the failure to disclose material information regarding the subject mortgage loan as required by both TILA and RESPA, occurred in this District.

## PARTIES

4. Plaintiffs are United States citizens that reside in Pasco County, Florida.

5. Defendant, Wachovia Mortgage Corporation is a subsidiary of Wachovia Corporation, which is a corporation with its principal place of business in Charlotte, North Carolina. Defendant regularly engages in the business of mortgage lending and has done substantial business in the State of Florida. Upon information and belief, Wachovia Mortgage Corporation acquired the loan at issue in this case from World Savings Bank, FSB and is the current owner and holder of the loan documents.

## WACHOVIA'S PRACTICES CONSTITUTE A PATTERN OF ILLEGAL ACTIVITY

6. WACHOVIA was and is engaged in, and did so engage in the case sub judice, a persistent pattern of unfair, unlawful, illegal and deceptive business practices in soliciting,

2

inducing and closing residential loan transactions in Florida, which damaged CITRON and violated CITRON's rights.

7. WACHOVIA was and is engaged in, and did so engage in the case sub judice, a persistent pattern of "bait and switch" practices whereby WACHOVIA lures borrowers to apply for a WACHOVIA loan with promises that their loans will have certain terms and conditions such as a low interest rate, low monthly payments, or fixed rates of interest with "no costs" up front, to induce them to sign loan documents with significantly less favorable terms and conditions and in fact, with terms and conditions never requested or disclosed such as high variable rates of interest, points which must be paid for the making of the loan, prepayment penalties which continue to be in effect after any period of fixed rate interest, and huge up front costs rolled into the loan which strip equity from borrowers.

8. WACHOVIA was and is engaged in, and did so engage in the case sub judice, a persistent pattern of deceit. During loan transactions, WACHOVIA fails to provide required disclosures, including the statutorily mandated Notice of Right to Cancel. WACHOVIA circumvents statutory protections by misleading borrowers about loan terms and failing to leave a complete copy of loan documents in borrowers' possession, ensuring they cannot review them properly and exercise their right of rescission.

9. WACHOVIA was and is engaged in, and did so engage in the case sub judice, a persistent pattern of charging unfair and excessive fees and expenses that bear no relation to the services rendered, the borrower's credit or risk profile, or other legitimate considerations, and in misleading borrowers about those fees and expenses. WACHOVIA profits from the exorbitant fees and expenses they strip from borrowers' equity in originating these loans and profit again by

quickly selling the loans for inclusion in mortgage-backed securities or by refinancing the borrower repeatedly.

10. WACHOVIA was and is engaged in, and did so engage in the case sub judice, a persistent pattern of intentional and unlawful violation of 15 U.S.C. § 1601 *et seq.* (*Truth in Lending Act*), 12 U.S.C. § 2601 *et seq.* (*Real Estate Settlement Procedures Act*), and related state laws. WACHOVIA fails to provide required disclosures including, but not limited to the Notice of Right to Cancel and other disclosures required under TILA and the RESPA.

## BACKGROUND OF LOAN TRANSACTION

11. CITRON owns the Property located in Pasco County Florida at 10545 Baracoa Court, Trinity, Florida 34652.

12. In or around August 29, 2007, CITRON wished to refinance the existing loan on the Property and entered into a consumer credit transaction with World Savings Bank FSB, by obtaining a $787,500.00 mortgage loan secured by CITRON's principal residence (the "Transaction").

13. The mortgage broker who handled the loan was SLOAN MORTGAGE GROUP, INC. out of the New Port Richey, Florida who thereafter filled out all paper work which resulted in the loan secured by the Property as evidenced by that certain promissory note and mortgage executed on August 29, 2007.

14. Chelsea Title of the Suncoast, utilized by WACHOVIA, was the settlement agent for the loan and disbursed funds and issued a lenders title insurance policy on the Property.

15. The terms of the finance transaction with WACHOVIA are not clear or conspicuous, not consistent, and are illegal, and include, for example, a "Pick-a-Pay" payment

option on an Adjustable Rate Mortgage Loan, which violates several statutes, and in essence creates an illegal loan.

16. WACHOVIA neither explained the workings of the mortgage loan transaction, how the rates, finance charges, costs and fees were computed, nor the volatility of the loan product provided to CITRON.

17. WACHOVIA was required to provide proper notice to both MICHAEL B. CITRON and DANIELLE NICOLE CITRON of their right to rescind the consumer credit transaction under TILA. Plaintiff, DANIELLE NICOLE CITRON, received only one copy of the Notice of Right to Cancel (see attached Exhibit "A") at the time of the closing of the Transaction. Although the Notice of Right to Cancel states an acknowledgment of receipt of two copies of Notice of Right to Cancel, CITRON has examined their files thoroughly and such acknowledgment is patently false. Furthermore, Plaintiff, MICHAEL B. CITRON, did not receive a Notice of Right to Cancel. WACHOVIA attached a copy of a Notice of Right to Cancel allegedly provided to and signed by Plaintiff, MICHAEL B. CITRON, to their Motion to Dismiss filed in this case (see attached Exhibit "B"). However, the signature on the attached notice is not the signature of MICHAEL B. CITRON. In addition, the notice that WACHOVIA alleges was provided to MICHAEL B. CITRON is confusing, misleading and not "clear and conspicuous." The Notice is dated September 12, 2007, fourteen (14) after the closing of the Transaction, and states in bold print that notice to rescind must be send no later than midnight on September 1, 2007. A misleading disclosure is as much a violation of TILA as a failure to disclose.

18. WACHOVIA failed to deliver required rescission notices to CITRON. This resulted in the inability of CITRON to make an informed decision to exercise the right of rescission within three days from closing in violation of Federal law.

19. Because WACHOVIA failed to provide CITRON with clear and conspicuous disclosures of their right to rescind the consumer credit transaction, the three day period within which CITRON could rescind never commenced and was extended to three years.

20. On or about September 23, 2009, CITRON exercised their extended rights to rescind the loan for violations of the *Truth in Lending Act* by sending a notice of rescission to WACHOVIA, WORLD SAVINGS, World Mortgage and Sloan Mortgage Corporation. Copies of the notices are attached to this complaint as Exhibit "C." Pursuant to 15 U.S.C. §1635 and 12 C.F.R. §226, WACHOVIA and/or WORLD SAVINGS had 20 days after receipt of the notice of rescission to return to CITRON all monies paid and to take action necessary or appropriate to reflect termination of the security interest. On or about September 29, 2009, WACHOVIA denied CITRON's request to rescind the loan and failed to cancel the security interest and return the consideration to CITRON (see attached Exhibit "D").

21. CITRON had the ability to restore any benefits received from the Transaction to WACHOVIA at the time they executed their extended rights of rescission and still have the ability to do so.

22. WACHOVIA's responses are unlawful to the extent that it fails to honor CITRON's valid rescission notice and fails to seek judicial guidance for rescission.

23. WACHOVIA's conduct, including misrepresenting the terms of the loan, violates all applicable state and Federal laws.

24. CITRON's ownership interest in the Property is subject to the security interest created by the WACHOVIA mortgage securing the loan.

## FIRST CAUSE OF ACTION

### Violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and Federal Reserve Regulation Z, 12 C.F.R. § 226.1 *et seq.*

25. CITRON hereby incorporates by reference the allegations of paragraphs 1 through 23, inclusive, as if fully set forth herein.

26. WACHOVIA is a creditor within the meaning of the *Truth in Lending Act* ("TILA") as implemented by Regulation Z.

27. WACHOVIA violated TILA and Regulation Z by, *inter alia*:

   a. failing to provide accurate disclosures;

   b. failing to provide material disclosures in a form CITRON could keep prior to consummation; and

   c. failing to provide CITRON with written notices of CITRON's absolute three day right to cancel that were clear, conspicuous, and reflective of the parties' legal obligations.

28. These material TILA violations give CITRON an extended three year right to rescind the equitable loan transaction.

29. As a result of WACHOVIA's failure to provide accurate material disclosures correctly with a proper Notice of Right of Rescission described above, CITRON is entitled and has exercised their right of rescission of the Transaction.

30. WACHOVIA has been unjustly enriched at the expense of CITRON, who therefore is entitled to equitable restitution, disgorgement and rescission for failure to make clear, conspicuous, and accurate material disclosures.

31. The closing on the loan was conducted in such a way as to purposefully prevent and withhold full disclosure of the actual loan terms to CITRON.

32. It was not until CITRON retained counsel on or about September, 2009, that CITRON was able to understand how CITRON's rights were violated. It was at that time that CITRON exercised their right to rescind by sending rescission notices to WACHOVIA.

33. The acts and omissions of WACHOVIA as described herein were willful, wanton and in conscious disregard of CITRON's rights.

34. CITRON is entitled to an injunction against WACHOVIA prohibiting it from enforcing its rights to foreclose on the Property for the violations of law alleged herein.

WHEREFORE, CITRON prays for relief as set forth below together with such further relief as this court deems just:

    a. Actual damages;
    b. Statutory damages;
    c. Disgorgement of profits;
    d. Restitution;
    e. Rescission;
    f. Injunctive relief; and
    g. Attorneys' fees and costs pursuant to 15 U.S.C. § 1640(a).

## SECOND CAUSE OF ACTION

**Failure to Rescind - Violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and Federal Reserve Regulation Z, 12 C.F.R. § 226.1 *et seq.***

35. CITRON hereby incorporates by reference the allegations of paragraphs 1 through 23, inclusive, as if fully set forth herein.

36. WACHOVIA is a creditor within the meaning of the *Truth in Lending Act* ("TILA") as implemented by Regulation Z.

37. As a result of WACHOVIA's failure to provide accurate material disclosures correctly with a proper Notice of Right of Rescission described above, CITRON is entitled to and has exercised their right of rescission of the Transaction.

38. Rescission of the Transaction extinguishes any liability CITRON has to WACHOVIA for finance or other charges arising from the Transaction.

39. WACHOVIA's failure to take any action to reflect the termination of the security interest in the Property within twenty (20) days of the rescission of the Transaction or seek judicial guidance, releases CITRON from any liability whatsoever to WACHOVIA arising from the Transaction.

40. WACHOVIA has an obligation to perform upon notice of rescission by cancelling this specific Transaction as well as any enforcement thereof. Accordingly, any alleged security instrument is void and unenforceable under 15 U.S.C. §1635(b).

41. WACHOVIA had twenty (20) days from the receipt of the rescission notice to refund or credit the alleged account all monies paid and to void the security interest and WACHOVIA has failed in their obligation to perform this duty and make a tender offer.

42. WACHOVIA's performance is a condition precedent to CITRON's duty to tender and WACHOVIA's failure to perform gives rise to statutory and actual damages under 15 U.S.C. §1640.

43. Any further acts to enforce an invalid security instrument and impose finance charges are wrongful and improper. Such acts violate TILA and Regulation Z.

44. WACHOVIA has proceeded to unlawfully impose finance charges.

45. The acts and omissions of WACHOVIA as described herein were willful, wanton and in conscious disregard of CITRON's rights.

46. CITRON is entitled to an injunction against WACHOVIA prohibiting it from enforcing its rights to foreclose on the Property for the violations of law alleged herein.

WHEREFORE, CITRON prays for relief as set forth below together with such further relief as this court deems just:

- h. Actual damages;
- i. Statutory damages;
- j. Disgorgement of profits;
- k. Restitution;
- l. Rescission;
- m. Injunctive relief; and
- n. Attorneys' fees and costs pursuant to 15 U.S.C. § 1640(a).

## THIRD CAUSE OF ACTION

## INTENTIONAL MISREPRESENTATION

47. CITRON hereby incorporates by reference the allegations of paragraphs 1 through 23, inclusive, as if fully set forth herein.

48. This is an action for damages which exceed $15,000.00, exclusive of interest, costs, and attorney's fees.

49. WACHOVIA individually and/or through its agents made false and misleading statements to CITRON including that the loan would be at no cost, that they would act in CITRON's best interest, and lower CITRON's monthly payment, and none of the statements were true.

50. WACHOVIA provided CITRON with false and misleading marketing material, which advertised and promoted the loan as an "equity builder" in that the loan would allow CITRON to build equity in their home faster than any other type of loan.

51. WACHOVIA misrepresented and failed to disclose the true amount of the fees and charges CITRON was charged that would be paid out of CITRON's equity in the Home.

52. WACHOVIA misrepresented the terms and finance charges imposed on the loan.

53. WACHOVIA and WACHOVIA's closing agent, Chelsea Title of the Suncoast, misrepresented the import and contents of the documents which CITRON signed at closing, and concealed the terms of the loan while requiring CITRON to sign the documents.

54. WACHOVIA knew or should have known the representations were false.

55. WACHOVIA intended that the representations induce CITRON to act thereon.

56. CITRON suffered damages in justifiable reliance on the representations including damage to CITRON's credit rating.

57. The acts of WACHOVIA as described herein were willful, wanton and in conscious disregard of CITRON's rights.

WHEREFORE, CITRON prays for relief as set forth below together with such further relief as this court deems just:

    a. Actual damages;
    b. Consequential damages;
    c. Prejudgment interest; and
    d. Rescission.

## DEMAND FOR JURY TRIAL

CITRON hereby demands a trial by jury on all counts.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded by CM/ECF to: Michael K. Winston, Esquire, Carlton Fields, 525 Okeechobee Blvd Ste 1200 West Palm Beach, Florida 33401.

KORTE & WORTMAN, P.A.
Counsel for Plaintiffs
2041 Vista Parkway, Suite 102
West Palm Beach, FL 33411
561/228-6200; 561/245-9075 (fax)

By: /s/
Carol Anne Plowman, Esquire
Florida Bar No.: 391883
Email: cplowman@kwlawfirm.com

## VERIFICATION OF COMPLAINT

**STATE OF FLORIDA**

**COUNTY OF PASCO**

BEFORE ME, the undersigned authority, personally appeared MICHAEL B. CITRON, who was sworn before me and states that he has read the foregoing Verified First Amended Complaint and that the facts set forth therein are true and correct.

_____
MICHAEL B. CITRON

SWORN TO AND SUBSCRIBED before me this ___9___ day of November, 2010.

_____
Notary Public
State of Florida

Print Name: Cheryl L Fields
My Commission Expires: 9/23/2012

( X ) Personally known; or
(___) Produced _____
     as identification.