UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIELLE NICOLE CITRON,
an individual, and
MICHAEL B. CITRON,
an individual,

    Plaintiff/Counter Defendants.

v.                                                                                  CASE NO: 8:10-cv-1790-T-26TBM

WACHOVIA MORTGAGE CORPORATION.,
successor in interest to
WORLD SAVINGS BANK, FSB,

    Defendant/Counter Plaintiffs,

v.

DANIELLE NICOLE CITRON,
an individual, and
MICHAEL B. CITRON,
an individual, *etc., et al.*,

    Counterclaim Defendants.
_____/

**O R D E R**

    **THIS CAUSE** comes before the Court on Defendant/Counterclaim Plaintiff Wachovia Mortgage Corporation's ("Wachovia") Amended Motion for Conditional Rescission and Incorporated Memorandum of Law (Dkt. 68) and Plaintiffs/Counterclaim

Defendants Danielle Nicole Citron and Michael B. Citron's (collectively, "the Citrons") Response and Incorporated Memorandum of Law in Opposition (Dkt. 71).

Wachovia moves for rescission of the Citrons' mortgage and note upon the condition that they tender the loan proceeds to Wachovia simultaneous with, or prior to, the time Wachovia tenders the satisfaction of the mortgage. The Citrons' Amended Complaint is based on two counts for violation of the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and Federal Reserve Regulation Z, 12 C.F.R. § 226.1, *et seq.*, and one count for intentional misrepresentation. As relief, the Citrons seek rescission, actual damages, statutory damages, consequential damages, and attorney's fees and costs. Wachovia asserts that although no legitimate basis for rescission under TILA has been, or can be, shown in this case, granting the Citrons the relief they seek would provide an expeditious result to all parties that would reduce the need for further judicial labor on this case, reduce fees and costs, and narrow the scope of the issues before the Court at an early stage of the proceedings. However, the Court is not convinced that the Citrons can show no legitimate basis for rescission under TILA, or that a conditional rescission of the mortgage and note would be an appropriate resolution of this case.

The aforementioned federal statute and regulation describe that the creditor must take action to reflect termination of the security interest and return any money or property given by the consumer and that once the creditor fulfills these obligations, the consumer tenders the property received in the transaction to the creditor. See 15 U.S.C. § 1635(b);

12 C.F.R. § 226.23(d)(1). In <u>Williams v. BankOne Nat'l Ass'n</u>, 291 B.R. 636 (D.Pa. 2003), the court held that it lacked discretion to depart from TILA's clear mandate that upon an effective rescission the creditor's security interest was void by operation of law. The court found that:

> Congress must have certainly been aware when it chose to alter the common law rules of rescission by providing for the voiding of a creditor's security interest before the obligor has tendered what he or she owes to the creditor that it would put the creditor at risk because the obligor may refuse to perform or might be financially unable to do so. Since Congress must have been aware of this risk when it enacted the statutory scheme set forth in § 1635(b), that part of the rescission scheme which provides for the voiding of a creditor's security interest before the obligor has made payment should be applied as written unless Congress has specifically indicated that courts have the authority to modify it.

<u>Id.</u> at 657-58. The court added that this construction was directly supported by Regulation Z, which provides in section 226.23(d)(1) that "when a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void." <u>Id.</u> at 659.

In <u>Celona v. Equitable National Bank</u>, 90 B.R. 104, 114 (E.D. Pa. 1988), the court found that fashioning a remedy simply to achieve a perceived equitable result would contravene both the letter and spirit of TILA. The debtors were allowed to rescind the transaction "despite the fact that this relegates the creditor's claim to unsecured, possibly uncollectible status." <u>Id.</u> at 115. Similarly, in <u>In re Chancy</u>, 33 B.R. 355 (Bankr. N.D. Okla. 1983), the court held:

> [w]e do not think there is much merit to the argument that the creditor's obligation to release the mortgage is conditioned upon the debtor's obligation to first return the property delivered. Such a requirement has been consistently rejected. The statutory language clearly contemplates a tender by the debtor after the creditor has performed its obligation.

Id. In light of the clear language of the statute and regulation and the court interpretations in the foregoing line of cases, this Court finds that it cannot override the voiding of the security interest which occurs by operation of law upon an effective rescission. As the Citrons assert, a consumer can only rescind if the creditor has failed to provide material disclosures or an effective notice of the consumer's right to rescind. Therefore, the serious nature of the creditor's default requires the creditor to follow the prescribed procedures unless there is some unusual circumstance that requires a court to intervene.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

Defendant/Counterclaim-Plaintiff's Amended Motion for Conditional Rescission (Dkt. 68) is denied.

**DONE AND ORDERED** at Tampa, Florida, on June 3, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record